J'udge Nicholas
delivered the ..pinion of ilie court.
The only question presented in this case, is, whether in an action against devisees, upon the return of no inhabitant as to one, the suit can be abated as to him, and judgment taken against the others.
It is said that in several of the circuits, an abatement in such cases is not allowed. If so it is singable that the question should not have long ago been presented here for adjudication, for it is believed that the opposite practice has long obtained in much the greater number of the circuit courts. In fact it has prevailed so long and to such an extent, that we should feel great hesitation in disturbing it, even if we were satisfied, that it was originally wrong. But we consider it right in itself, and in perfect accordance with the principles settled in the case of Sneed vs. Weister, II. Mar. 277. In that case it was determined in favor of a practice that had long beneficially prevailed, that in an action of assumpsit on a parol contract, the suit might abate as to one of the defendants on the return of no inhabitant, and that the act. allowing the abatement in' the case of joint obligors, was only declaratory of the preexisting law. We can perceive no distinction, so far as regards this matter, between a joint obligation imposed by operation of law on heirs or devisees, and a joint obligation arising from a parol contract. All the arguments upon which the decision in Sneed vs. Wiester is based, apply as' well to the eme. as to the other. The arguments ab inconvenient?-.. *275 which were principally relied upon in that ease, and must have mainly influenced its decision, apply with precisely the same force to the case of and devisees. We might hesitate to innovate a rule upon arguments of that sort alone, without precedent or any long acquiesced in . practice' to support it- But we feel no doubt in following a precedent and a practice, founded in such good sense and sound policy, and extending its principles, if it be at all necessary to vive them extension, so as to embrace this and all analogous cases.
Cowan and Morehead, for plaintiffs; Chinn, for defendants.
Wherefore, judgment is affirmed.